UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEVIN JOHNSON,

    Petitioner,

    v.                            CAUSE NO. 3:18-CV-1040-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Devin Johnson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-18-09-433) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of using or possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class.

Pierce argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to support a finding of guilt. He relies on his cellmate's statement that the cellphone belonged to him and that he took full responsibility. He also relies on the absence of the cellphone in the administrative record.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Departmental regulations define Offense 121 as the "unauthorized use or possession of any cellular telephone or other wireless or cellular communications device." The administrative record includes a conduct report in which a correctional officer represents that he found a cellphone wrapped in plastic in a plastic food container during a search of Johnson's cell. It included a photograph of the cellphone and charger. It also included an investigator's statement that the cellphone had been used to contact two telephone numbers associated with Johnson. The conduct report and the investigator's statement constitute some evidence that Johnson possessed and used a cellphone, and the hearing officer was not required to disregard this evidence or to credit the cellmate's statement to the contrary. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Johnson argues that he is entitled to habeas relief because the hearing officer did not allow him to cross-examine his accusers. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). By contrast, "[c]onfrontation and cross-examination present greater hazards to institutional interests," and "adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination." *Id.* at 567-68. Because there is no right to cross-examination in the prison disciplinary context,

the claim that the hearing officer did not allow him to cross-examine his accusers is not a basis for habeas relief.

Johnson argues that he is entitled to habeas relief because he did not receive assistance from a lay advocate for his appeal. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Johnson's filings demonstrate his literacy, and his charge of possessing or using a cellphone was not particularly complex. Therefore, the argument that he received inadequate assistance from a lay advocate is not a basis for habeas relief.

Because Johnson has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Johnson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 15);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Devin Johnson leave to proceed in forma pauperis on appeal.

SO ORDERED on February 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4